Filed 8/31/21  P. v. Marsh CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DENIS PAUL MARSH,<br><br>    Defendant and Appellant. | D078224<br><br><br><br>(Super. Ct. No. CR-59191) |

APPEAL from an order of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Reversed and remanded with directions.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, Lynne G. McGinnis, and Christine L. Bergman, Deputy Attorneys General, for Plaintiff and Respondent.

In 1983, Denis Paul Marsh was convicted in a court trial of first degree murder (Pen. Code,[1] § 187); conspiracy to commit burglary (§§ 182.1 and 459); robbery (§ 211); and one count of arson (§ 451, subd. (b)). The court found Marsh used a deadly weapon (§ 12022, subd. (b)) and that he personally inflicted great bodily injury on the victim (§ 12022.7). Marsh was sentenced to an indeterminate term of 26 years to life in prison.

Marsh appealed and this court affirmed the judgment in an unpublished opinion *People v. Marsh* (Apr. 9, 1985, D000355).

In 2019, Marsh filed a pro. per. petition for resentencing under section 1170.95. The trial court appointed counsel, received briefing, considered the record of conviction, and held a hearing at which both parties submitted on the briefs. The court found Marsh was an active participant in the homicide and denied the petition for resentencing.

Marsh appeals contending the court engaged in impermissible factfinding without issuing an order to show cause (OSC). The Attorney General originally conceded error. After briefing was completed, the Supreme Court issued its opinion in *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*). There, the court held that a trial judge considering whether a petition filed under section 1170.95 stated a prima facie case for relief, could review the record of conviction, including any prior appellate opinion. The court concluded a trial court could rely on that record and deny a petition without an OSC, if the record demonstrated the petitioner is not eligible for relief as a matter of law. The limitation on such authority is the court may not engage in finding facts. Evidentiary evaluation must await the issuance of an OSC and an appropriate evidentiary hearing. (*Lewis*, at pp. 970-973.)

---

[1] All further statutory references are to the Penal Code.

After the issuance of the *Lewis* opinion, we requested supplemental briefing. In the briefing, the Attorney General argues the court's conclusion Marsh was an active participant in the crime was based on impermissible factfinding.

## STATEMENT OF FACTS

The following summary of facts is taken from our prior opinion. (*People v. Marsh*, *supra*, D000355.)

"Marsh, 16, Jeffrey Inglett, 17, and Paul Webber, 18, planned to burglarize the home of Anna Weerts, 86, a lifetime resident of North Park. In preparation for the burglary Marsh and Inglett went to Weerts' home early one morning. They were high on alcohol and drugs. Once there, the two decided to proceed immediately with the burglary. They broke into the house and found Weerts asleep on the couch. Some money lay next to her. Marsh and Inglett approached the couch, awakening Weerts. A brief struggle for the money ensued whereupon Inglett cut Weerts' throat and stabbed her in the chest. Marsh took the knife and also stabbed Weerts. Marsh and Inglett piled some flammable materials on Weerts' body and torched the corpse. They departed with four to five thousand dollars cash and some gold coins, returning to the house twice in a vain attempt to extinguish the fire. Marsh, Inglett and Webber later divided the money. The fire destroyed the house. Weerts died of multiple stab wounds; she had been stabbed over 90 times."

## DISCUSSION

The question of whether the court could rely on our prior opinion, which declared Marsh planned the burglary, actively participated, stabbed the victim, and set her on fire is a close one. Is relying on the opinion factfinding? Here, the People's appellate representative continues to advocate for remand and an evidentiary hearing. We think the prudent

3

course is to accept the concession in this case and remand for an evidentiary hearing. Marsh will get the benefit of the statutory procedure and the District Attorney will have the opportunity to make an evidentiary showing. We take this course in the face of the Attorney General's arguments to avoid appearing to be an advocate for any party to this appeal. We express no opinion regarding the resolution of the evidentiary hearing.

## DISPOSITION

The order denying Marsh's petition for resentencing under section 1170.95 is reversed. The matter is remanded to the Superior Court with directions to issue an OSC and to conduct an evidentiary hearing as required by statute.


HUFFMAN, Acting P. J.

WE CONCUR:


IRION, J.


GUERRERO, J.

4